**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

Christopher Hayes,

        Plaintiff

v                                     Case No. 14-_____-CZ

SPECIALTY SPORTS LIMITED, a Michigan    Hon.
corporation, DAVE NICHOLAS, and
JAYDEE PARK

              Defendants.

Steven M. Bylenga (P73492)
Agnes Kempker-Cloyd (P28197)
CHASE & BYLENGA, PLLC
Attorneys for Plaintiff
77 Monroe Center, Ste. 507
Grand Rapids, MI 49503
616-608-3061

**PLAINTIFF'S COMPLAINT**

Plaintiff, through his attorneys Chase & Bylenga, PLLC, states as follows for his Complaint against Defendants:

**JURISDICTION AND VENUE**

1.    Plaintiff Christopher Hayes ("Plaintiff" or "Hayes") is an individual residing at 5905 Belding Rd. NE, Rockford, MI 49341.

2.    Defendant Jaydee Park ("Park") is an individual residing in Seoul Korea with a last known address of 1701 Renaissance Ville, 45 Ogumdong, Songs-Gu, Seoul Korea 133-857.

3.    Defendant Dave Nicholas ("Nicholas") is an individual residing at 1089 Olympic Way, Nipomo, CA 93444.

4.    Defendant Specialty Sports Limited ("SSL"), is a Michigan corporation with a registered office address of 532 Wolverine St., Rockford, MI 49341, County of Kent, Michigan.

5.      SSL was incorporated in Michigan on January 10, 1992. **Exhibit A.**

6.      Although SSL received authorization on February 1, 1999 to conduct intrastate commerce in California, the authorization specifically states that SSL is a "corporation organized and existing under the laws of Michigan…". **Exhibit B.**

7.      Plaintiff is the registered agent of SSL.

8.      Hayes, Park, and Nicholas are all one third shareholders in SSL.

9.      The promissory notes, shareholder agreements, and the security agreement at issue in this matter specifically state that the contracts and agreements shall be governed and construed in accordance with the laws of the State of Michigan.

10.     Plaintiff seeks damages in excess of $75,000.

11.     Jurisdiction and venue are proper in this Court because the amount in controversy exceeds $75,000 and is between citizens of different states and of a foreign state pursuant to 28 U.S.C § 1332.

## GENERAL ALLEGATIONS

12.     Hayes repeats and incorporates by reference as though fully set forth in this paragraph the allegations contained in Paragraphs 1 through 11 of this Complaint.

13.     On April 1, 2007, SSL executed and delivered to Hayes a Promissory Note in the amount of $108,000.00 ("First Promissory Note") with interest accruing at eight percent (8%) per annum. **Exhibit C.**

14.     The terms and condition of First Promissory Note required SSL to make payments to Hayes in the amount of $1,339.05 for one year beginning on May 1, 2007, and pay the entire principle balance and interest on the one year anniversary.

2

15.     SSL failed to make any of the required payments in accordance with the terms of First Promissory Note, thereby breaching the agreement between the parties.

16.     On April 1, 2007 SSL executed and delivered to Hayes a Promissory Note in the amount of $55,000.00 ("Second Promissory Note") with interest accruing at five percent (5%) per annum. **Exhibit D**.

17.     The terms and conditions of Second Promissory Note required SSL to pay the outstanding principle and interest on the one year anniversary of the date of the loan.

18.     SSL failed to make any payments in accordance with the terms of Second Promissory Note, thereby breaching the agreement between the parties.

19.     On February 23, 2010, the Hayes, Park, and Nicholas executed a Shareholder Agreement ("2010 Shareholder Agreement") whereby Hayes and Park agreed to provide additional funding of $50,000.00 each to SSL and to subordinate Promissory Notes One and Two to the new $50,000.00 loans. **Exhibit E.**

20.     Pursuant to the 2010 Shareholder Agreement, on February, 23, 2010 SSL executed and delivered to Hayes a Promissory Note in the amount of $50,000.00 ("Third Promissory Note") with interest accruing at five percent (8%) per annum. **Exhibit F.**

21.     The Third Promissory Note provided for payment of the principle and interest within 14 days of Hayes demand for payment.

22.     On February 11, 2011, a Shareholder Agreement ("2011 Shareholder Agreement") was signed by all three shareholders. **Exhibit G.**

23.     The 2011 Shareholder Agreement incorporated the 2010 Shareholder Agreement and provided for Hayes and Park to loan an additional $137,000.00 to SSL for a total agreement of $191,015.37.

3

24.     The 2011 Shareholder Agreement secured the payment obligations to the shareholders through a Security Agreement in SSL's assets. **Exhibit H.**

25.     The Security Agreement subordinates all prior notes to the Senior Promissory Notes to Hayes and Park.

26.     Pursuant to the 2011 Shareholder Agreement, on February 11, 2011 SSL executed and delivered to Hayes a Senior Promissory Note in the amount of $191,015.37 ("Senior Promissory Note") with interest accruing at 8%. **Exhibit I.**

27.     The terms and conditions of the Senior Promissory Note reference and subordinate prior loans including the First and Second Promissory Notes.

28.     The Senior Promissory Note provided for payment of the principle and interest within 14 days of Hayes demand for payment.

29.     On July 18, 2014 Hayes demanded payment on the Senior Promissory Note. **Exhibit J.**

30.     SSL failed to pay the loan and interest within 14 days from the date of demand in accordance with the terms of the Senior Promissory Note, thereby breaching the agreement between the parties.

31.     SSL is indebted to Hayes in the amount of $354,015.37 plus interest.

32.     These amounts continue to accrue interest.

## COUNT I- BREACH OF CONTRACT

33.     Hayes repeats and incorporates by reference as though fully set forth in this paragraph the allegations contained in Paragraphs 1 through 32 of this Complaint.

34.     SSL is in default of its loan obligations to Hayes.

4

35.     In accordance with these documents, SSL is responsible for legal fees and costs, and Hayes is now incurring such legal fees and costs and is entitled to recovery of the same.

36.     SSL's defaults entitle Hayes to a money judgment against SSL in the amount of the indebtedness, together with costs and attorney's fees.

WHEREFORE, Hayes requests that this Court enter a judgment in its favor and against SSL in the amount of $354,015.37 plus costs, pre-complaint and prejudgment interest, and attorney's fees as permitted by contract or law, together with any further or different relief this Court deems just and equitable.

## COUNT II – CLAIM & DELIVERY & DECLARATORY RELIEF AGAINST SSL

37.     Hayes repeats and incorporates by reference as though fully set forth in this paragraph the allegations contained in Paragraphs 1 through 36 of this Complaint.

38.     As collateral for the Senior Promissory Note, SSL granted Hayes a security interest in all of the following:

> All accounts, chattel paper (both tangible and electronic), goods, inventory, equipment, fixtures, payment intangibles, general intangibles, software, instruments, letters of credit, letter of credit rights, money, documents, deposit accounts, investment property, commodity contracts, commodity accounts, farm products, timber to be cut, oil, gas, and other minerals prior to extraction, as extracted collateral, vehicles, manufactured homes and supporting obligations, and all products and proceeds thereof, whether now owned or hereafter acquired. Terms used in the preceding collateral description shall have the respective meanings accorded such terms in the Uniform Commercial Code as in force in the state of Michigan from time to time hereafter.

("Collateral") See Security Agreement attached as **Exhibit H.**

39.     The Collateral consists of independent pieces of property.

40.     Under Article 9 of the Uniform Commercial Code, the term "general intangibles" includes trademarks.

41.     By virtue of the default on the Senior Promissory Note, Hayes is entitled to immediate possession of all of the Collateral.

42.     The Collateral is presently subject to damage, accident, sale, deterioration due to the passage of time, depreciation, and disposal or dissipation by SSL.

43.     Upon information and belief, the Collateral has an aggregate value which is less than the indebtedness due and owing to Hayes.

44.     Defendant Park may claim an interest in all or some of the Collateral.

45.     Defendant Nicholas may claim an interest in all or some of the Collateral.

WHEREFORE, Hayes requests that this Court:

A.     Enter an Order directing SSL to show cause why the Sheriff should not be authorized to take immediate possession of all Collateral and thereafter deliver the property to the possession of Hayes in accordance with MCR 3.105 and MCLA 600.2920;

B.     Determine the priority and validity of Hayes, Park, and Nicholas' interest in the Collateral and enter the appropriate order for declaratory relief based upon that determination;

C.     Grant Hayes judgment entitling him to possession of the Collateral and further determining the value of the Collateral, the amount of unpaid debt and damages to be awarded to Hayes, or in the alternative, to allow Hayes to sell the Collateral and apply the proceeds against the indebtedness;

D.     Award Hayes damages as a result of SSL's unlawful retention of Hayes property rights; and

E.     Enter a money judgment against SSL in the amount equal to the value of the collateral, plus interest, costs, attorney's fees and any such further relief as the Court deems to be just.

6

## COUNT III – ACCOUNTING

46.     Hayes repeats and incorporates by reference as though fully set forth in this paragraph the allegations contained in Paragraphs 1 through 45 of this Complaint.

47.     SSL is in the business of manufacturing sporting goods.

48.     SSL owns a number of trademarks for sporting goods.

49.     In 2014 Nicholas and Park negotiated multiple contracts to license SSL's trademarks to other distributors.

50.     Upon information and belief, Nicholas and Park have accrued business expenses during the negotiations and intend to seek reimbursement from SSL.

51.     Despite repeated requests by Hayes, Nicholas and Park have failed to disclose relevant financial information, including but not limited to information regarding licensing agreements, business expenses, and profits.

52.     Pursuant to MCL 450.4503, Hayes as a member of SSL, may have a formal accounting of the company's affairs whenever circumstances render it just and reasonable.

53.     The facts and circumstances set forth above render an accounting just, reasonable, and necessary.

WHEREFORE, Hayes requests that the Court order Nicholas and Park to immediately provide Hayes with full and complete disclosure of any income and expenses from January 1, 2014 through present.

Dated:  August 19, 2014

CHASE & BYLENGA, PLLC
Attorneys for Plaintiff Chris Hayes

By: _Agnes Kempker-Cloyd_
Steven M. Bylenga (P73492)
Agnes Kempker-Cloyd (P28197)
17 Monroe Center N.W., Ste. 507
Grand Rapids, MI 49503
Tel. 616.608.3061

7

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

Christopher Hayes,

              Plaintiff

v                                       Case No. 14-_____-CZ

SPECIALTY SPORTS LIMTED, a Michigan    Hon.
corporation, DAVE NICHOLAS, and
JAYDEE PARK

              Defendants.

---

Steven M. Bylenga (P73492)
Agnes Kempker-Cloyd (P28197)
CHASE & BYLENGA, PLLC
Attorneys for Plaintiff
77 Monroe Center, Ste. 507
Grand Rapids, MI 49503
616-608-3061

---

**DEMAND FOR TRIAL BY JURY**

NOW COMES the Plaintiff Christopher Hayes, by and through his attorneys, CHASE &

BYLENGA PLLC, and hereby requests a trial by jury in the above captioned matter pursuant to

Federal Rule 38 on the non-equitable claims.

                                Respectfully Submitted:

                                CHASE & BYLENGA, PLLC

Dated: August 19, 2014

                                Agnes Kempker-Cloyd (P28197)
                                77 Monroe Center NW, Suite 507
                                Grand Rapids, MI 49503

8
